UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILIBERTO RAMOS LEON,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR and
BRUCE SCOTT,

Respondents.

CASE NO. 2:26-cv-01694-JNW

ORDER GRANTING IN PART
PETITION FOR HABEAS CORPUS

Petitioner Filiberto Ramos Leon, proceeding pro se, seeks a writ of habeas corpus directing his release from immigration detention or an order requiring Respondents to hold a bond hearing. Dkt. No. 1. For the reasons stated below, the Court GRANTS in part the habeas petition.

Since November 25, 2025, Immigration and Customs Enforcement (ICE) has detained Ramos Leon at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1 at 1. The Department of Homeland Security (DHS) charged him under 8 U.S.C. § 1182 (a)(6)(A)(i) as an "[inadmissible] alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." *Id.*

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 1

Beyond these basic facts, the record before the Court is sparse as both parties provide few other details.

Respondents raise three arguments against habeas relief, none of which prevails. First, Respondents argue that the Court lacks jurisdiction because Ramos Leon's original petition named the ICE Field Office Director, who is not his immediate custodian, "as the only Respondent." Dkt. No. 5 at 1 n.1 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.")). But this defect has been cured. On June 1, 2026, Ramos Leon filed an "Amended Petition" naming Bruce Scott, the Warden of NWIPC. Dkt. No. 9 at 1. Because Ramos Leon proceeds pro se, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So construed, the Court finds that his amended petition names the proper respondent, the Warden of NWIPC, and incorporates his original habeas petition at Dkt. No. 1.

Second, Respondents argue that Ramos Leon is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he was not admitted to the United States, citing the Fifth Circuit's opinion in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Dkt. No. 5 at 2. This Court is not bound by the Fifth Circuit and has rejected this interpretation. *See Barrios Arroyo v. ICE Field Off. Dir.*, Case No. 2:26-cv-994-JNW, 2026 WL 1396575, at *2 (W.D. Wash. May 19, 2026) (holding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are present in the United States and charged under 8 U.S.C. § 1182 (a)(6)(A)(i) as an

"[inadmissible] alien present in the United States without being admitted or paroled[.]"). Because Section 1225(b)(2) does not apply to Ramos Leon, the Court rejects Respondents' second argument.

Third, Respondents contend that even under Section 1226(a), Ramos Leon's detention remains lawful because the immigration judge ruled, in the alternative, that it "would deny bond" if it had jurisdiction. Dkt. No. 5 at 3–4; Dkt. No. 6-1. The Court may review that ruling for legal error. *See Barrios Arroyo*, 2026 WL 1396575, at *2. But by Respondents' own account, the judge denied bond because Ramos Leon "had not met his burden to establish that he is not a flight risk"—the ordinary Section 1226(a) allocation. Dkt. No. 5 at 3. A prolonged detainee is entitled to more, however, in the form of a hearing at which the Government must justify continued detention by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Because the alternate finding placed the burden on Ramos Leon, it neither supplies the hearing he is due nor forecloses relief. The Court does not prejudge the outcome of a proper hearing. *Barrios Arroyo*, 2026 WL 1396575, at *3.

Ramos Leon requests release, or in the alternative, a bond hearing before an immigration judge. Dkt. No. 1 at 2. Consistent with the approach taken by courts in this District, the Court finds that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release. *See, e.g., Mitka v. ICE Field Off. Dir.*, No. C19-193-MJP-BAT, 2019 WL 5901970, at *4 (W.D. Wash. Sept. 6, 2019) ("Petitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days); *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *adopted*,

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 3

2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within 30 days). The Government agrees that, if relief is warranted, the proper remedy is a bond hearing rather than release. Dkt. No. 5 at 3–4.

If Respondents fail to provide Ramos Leon with a bond hearing within fourteen days of this Order, and he has not requested an extension of that deadline, he must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

Accordingly, the Court ORDERS as follows:

1.  The Amended Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. Nos. 1, 9.

2.  Within FOURTEEN (14) days of this Order, Respondents must provide Ramos Leon with a bond hearing before an immigration judge that complies with *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), unless Ramos Leon requests an extension of that deadline or release him under an appropriate order of supervision.

3.  If the individualized bond hearing is not conducted within 14 days of this Order, and Ramos Leon has not requested an extension of that deadline, Respondents MUST release Ramos Leon within 24 hours under appropriate conditions of supervised release.

4.  Respondents are ENJOINED from denying a bond hearing on the basis that Ramos Leon is subject to mandatory detention under 8 U.S.C. § 1225(b). He is not subject to that provision.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 5