UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FILIBERTO RAMOS LEON,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR and BRUCE SCOTT,

Respondents.

CASE NO. 2:26-cv-01694-JNW

ORDER DENYING MOTION TO AMEND JUDGMENT

This matter comes before the Court on the Government's motion to amend the judgment. Dkt. No. 14. On July 6, 2026, the Court ordered Respondents to provide Petitioner a bond hearing "at which the Government must justify [petitioner's] continued detention by clear and convincing evidence." Dkt. No. 12 at 3 (citing *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011)). The Government now argues relying on *Singh* was clear error because the Court invoked *Singh* without considering or citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), which it reads as rejecting *Singh*'s burden-shifting rule. Dkt. No. 14 at 2. The Court disagrees.

District courts in this Circuit frequently order, that when an immigration judge considers a noncitizen in removal proceedings for release on bond, the government must demonstrate, by clear and convincing evidence, that the noncitizen poses a flight risk or danger to the community. *See Roberts v. Scott*, No. 2:26-cv-01333-TL, 2026 WL 2071146, at *6 (W.D. Wash. July 17, 2026) (collecting cases). This "burden-shifting framework" derives from *Singh*, in which the Ninth Circuit held that standard applied in bond hearings for individuals subject to prolonged detention under 8 U.S.C. § 1226(a). *Rodriguez Diaz*, 53 F.4th at 1196 (citing *Singh*, 638 F.3d at 1203–05).

The Government is correct that later Supreme Court decisions have abrogated or cast doubt on parts of *Singh*. *See id.* But courts still apply its burden-shifting framework, and the Ninth Circuit still treats *Singh* as precedent. *See, e.g., Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024). Therefore, the Court finds that its reliance on *Singh* was not clear error warranting an amended judgment under Federal Rule of Civil Procedure 59(e)

Accordingly, the motion is DENIED.

Dated this 29th day of July, 2026.

Jamal N. Whitehead
United States District Judge